[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15703
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cr-00171-GKS-KRS-1


UNITED STATES OF AMERICA,

                                                        Plaintiff - Appellee,

     versus

GERALDO ANTONIO CEDENO-REYES,
a.k.a. Melvin Gomez,
a.k.a. Victor Javier Ocasio Ortega,

                                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 7, 2011)

Before EDMONDSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Saying his sentence is substantively unreasonable, Geraldo Antonio Cedeno-Reyes appeals his 39-month total sentence, imposed after pleading guilty to one count of falsely impersonating a United States citizen, in violation of 18 U.S.C. § 911 ("Count 1"), one count of falsely representing a social security number, in violation of 42 U.S.C. § 408(a)(7)(B) ("Count 2"), one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) ("Count 3"), and one count of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) ("Count 4").

Briefly stated, the district court imposed its sentence because Cedeno-Reyes entered the United States after already having been deported, and used a false alias on 11 occasions in order to take advantage of everything he could. *See* 18 U.S.C. § 3553(a)(1), (2) (nature and circumstances of offense, history of defendant, and need for deterrence). Further, it considered Cedeno-Reyes's guilty plea and cooperation with the government. 18 U.S.C. § 3553(a)(1)(history of defendant). Cedeno-Reyes's sentence is the minimum possible sentence within the applicable Guideline range and is more than 18 years less than the maximum statutory

penalty of 22 years that he faced. *See* 8 U.S.C. § 1326(b)(2) (20-year statutory maximum); 18 U.S.C. § 1028A(a), (b) (mandatory consecutive 2-year sentence).

Cedeno-Reyes has not demonstrated that the district court abused its discretion when it weighed the 18 U.S.C. § 3553(a) factors and that his sentence was, therefore, substantively reasonable. Accordingly, we affirm.

AFFIRMED.